**BRYAN CAVE LEIGHTON PAISNER LLP**
Daniel T. Rockey, CA Bar No.  178604
daniel.rockey@bclplaw.com
Alexandra C. Whitworth, CA Bar No.  303046
alex.whitworth@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4070
Telephone:    +1 415 675 3400
Facsimile:    +1 415 675 3434

Attorneys for Plaintiff New Era Cap, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEW ERA CAP, LLC, a limited liability company, | Case No.  3:26-cv-08344 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| AARON RAMOS; ALDO REYES; ALFONSO AGUIRRE; ALVARO SEGURA; ANDRE THOMAS; ANDRES BALTIERRA; ANDREW BESHWATE; BARRY PERKINS; BIANCA OROZCO; BLAIN JONES; BRIAN PATRICK; BRITTANY BALAOING; CALVIN WHITMORE JR.; CARLOS TELLO; CESAR GARCIA; CHAD BACHMAN; CHRISTIAN COUTO; CHRISTOPHER COSTLOW; CLIFF STEWART; DAGOBERTO BAHENA; DANIEL BARROS; DARRYL ELDER; DAVID ALCALA; DAVID MARKS; DEDE CRITTENDON; DYLAN GARREN; EDDIE RODRIGUEZ; EDGAR MENDIAS; EDUARDO LANDIN; EDUARDO SILVERA; ELMER ROSALES; FELIPE DURAN; FELIPE RAMIREZ; FRANK DAVIS; GABRIEL O. MENDOZA; GEORGE GUTIERREZ; HARRISON MONTAGUE; HEATHER HARNEY; HENRY BREWER; HERBERT MORALES; IRENE GUTIERREZ; JAIME LARIOS; JARRETT ADAMS; JASON COSPER; JASPER FRONTIERO; JAVIER LOPEZ; JOHNNY HERMOSILLO; JON VINSON; JONATHAN KRAUSS; JOSHUA | |

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

SHAW; JUAN M. ESPINOZA; JUSTIN WALSH; KELLY JACKSON; KELLY WATSON; KENN RICHARDSON; KENNETH ROBINSON; KENNETH TINDAL; LISA GOMEZ; LORENZO SOBERANIS; LOUIS CRANER; LUIS BARRAGAN; LUIS VELASQUEZ; MANUEL VANEGAS; MARIO GARCIA; MARLON MARIANO; MICHAEL BILELLO; MICHAEL KAUDZE; MIGUEL ESTRADA; MIKAYLA RAWSON; MUHAMMAD ABDULLAH; NICHOLAS SMEDLEY; PARIS HOLMES; PATRICK GRABOYES; RAYMOND BARBOSA; RICHARD BORJA; RICHARD HILLMAN; RICKY NIES; ROBERT ADAMS; RONALD SOUCY; RONY RAMOS; ROYAL CORRALEJO; RUBEN CRUZ; SAL MUNOZ; SALVADOR ALVAREZ MARTINEZ; SHAWN PONSFORD; STEPHEN KOPPY; STEVE KOSHA; STEVE LOTHSPEICH; TOBY RICE; TRENT STARR; TROY ANTOINE; VINCENT HOLGUIN; VIVIAN HERNANDEZ; WILLIAM DAROSA; WILLIAM LAVENGER; WILLIAM MATTSON; WILLIAM SOLIS; WILLIAM WARNER; ZANE HASAN; and ZEI NORGATE, individuals,

Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

2
COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff New Era Cap, LLC ("New Era" or "Plaintiff") brings this action for declaratory relief against Defendants Aaron Ramos, Aldo Reyes, Alfonso Aguirre, Alvaro Segura, Andre Thomas, Andres Baltierra, Andrew Beshwate, Barry Perkins, Bianca Orozco, Blain Jones, Brian Patrick, Brittany Balaoing, Calvin Whitmore Jr., Carlos Tello, Cesar Garcia, Chad Bachman, Christian Couto, Christopher Costlow, Cliff Stewart, Dagoberto Bahena, Daniel Barros, Darryl Elder, David Alcala, David Marks, Dede Crittendon, Dylan Garren, Eddie Rodriguez, Edgar Mendias, Eduardo Landin, Eduardo Silvera, Elmer Rosales, Felipe Duran, Felipe Ramirez, Frank Davis, Gabriel O. Mendoza, George Gutierrez, Harrison Montague, Heather Harney, Henry Brewer, Herbert Morales, Irene Gutierrez, Jaime Larios, Jarrett Adams, Jason Cosper, Jasper Frontiero, Javier Lopez, Johnny Hermosillo, Jon Vinson, Jonathan Krauss, Joshua Shaw, Juan M. Espinoza, Justin Walsh, Kelly Jackson, Kelly Watson, Kenn Richardson, Kenneth Robinson, Kenneth Tindal, Lisa Gomez, Lorenzo Soberanis, Louis Craner, Luis Barragan, Luis Velasquez, Manuel Vanegas, Mario Garcia, Marlon Mariano, Michael Bilello, Michael Kaudze, Miguel Estrada, Mikayla Rawson, Muhammad Abdullah, Nicholas Smedley, Paris Holmes, Patrick Graboyes, Raymond Barbosa, Richard Borja, Richard Hillman, Ricky Nies, Robert Adams, Ronald Soucy, Rony Ramos, Royal Corralejo, Ruben Cruz, Sal Munoz, Salvador Alvarez Martinez, Shawn Ponsford, Stephen Koppy, Steve Kosha, Steve Lothspeich, Toby Rice, Trent Starr, Troy Antoine, Vincent Holguin, Vivian Hernandez, William Darosa, William Lavenger, William Mattson, William Solis, William Warner, Zane Hasan, and Zei Norgate (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022. New Era seeks a declaration that no valid or enforceable arbitration agreement was formed between New Era and Defendants, and that New Era cannot be forced to participate in any arbitration proceeding, including the pending one-hundred individual arbitrations arising primarily under the California Invasion of Privacy Act ("CIPA") filed by Defendants with the American Arbitration Association ("AAA") (the "CIPA Arbitrations").

2. Beginning on or about March 26, 2026, Defendants—acting through their counsel

COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

Bryson Harris Suciu Demay PLLC—filed one hundred arbitrations against New Era with the AAA (Case No. 01-26-0001-6664).  *See* Exhibit A (March 26, 2026, Representative AAA Demand Letter); Exhibit B (April 8, 2026, AAA CIPA Arbitrations Confirmation Letter); Exhibit C (Affirmation of Hunter Bryson).

3.      In the demands filed with AAA, Defendants invoke an arbitration clause contained in New Era's online Terms and Conditions ("Terms"),[1] but allege no facts sufficient to show that an enforceable agreement was formed.  They allege that they visited Plaintiff's website at www.neweracap.com (the "Site") on an unspecified occasion and that information concerning their visit was shared with one or more third-party marketing partners.  They do not allege how or when a contract was formed, whether they offered any consideration for any such contract, whether there was a meeting of the minds as to contract formation, or how they manifested assent to the Terms. No valid and enforceable agreement to arbitrate was ever formed between New Era and Defendants.

4.      It is black letter law that arbitration is a matter of contract and that a party cannot be compelled to arbitrate unless a valid and enforceable agreement to arbitrate exists.  *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1153–1154 (9th Cir. 2025) ("[T]o hold Chabolla to an arbitration clause we must discern whether she entered into such a contract in the first place."); *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) ("The [FAA] requires district courts to compel arbitration of claims covered by an *enforceable* arbitration agreement." (emphasis added)).

5.      An actual and justiciable controversy currently exists between the parties. Defendants have already filed the CIPA Arbitrations with AAA, those proceedings are pending, and New Era has been forced to pay thousands of dollars in arbitration fees to avoid waiver and preserve its rights.  *See* Exhibits A, B.  New Era brings this action to establish what Defendants deny: that no valid arbitration agreement exists, New Era cannot be forced to arbitrate Defendants' claims, AAA lacks jurisdiction over the CIPA Arbitrations, and the CIPA Arbitrations must therefore be dismissed.

---

[1] *See* Exhibit D (New Era Terms and Conditions).

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

2
COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

**THE PARTIES**

6.      Plaintiff New Era Cap, LLC is a limited liability company organized and existing under the laws of Delaware with its headquarters in Buffalo, New York.  New Era is a sportswear brand best known for producing licensed caps, apparel, and accessories.  New Era is registered to do business in, and conducts substantial business within, California.

7.      Defendants are one hundred individuals, listed on Exhibit E attached hereto, each of whom is believed to be a resident and citizen of California.  Each Defendant is a claimant against New Era in the pending CIPA Arbitrations.  *See* Exhibits C, E (AAA Case-Filing Spreadsheet).

8.      Defendant Aaron Ramos is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Aaron Ramos is a claimant in the CIPA Arbitrations.

9.      Defendant Aldo Reyes is an individual residing in Lathrop, California, with citizenship in California.  Defendant Aldo Reyes is a claimant in the CIPA Arbitrations.

10.      Defendant Alfonso Aguirre is an individual residing in Lompoc, California, with citizenship in California.  Defendant Alfonso Aguirre is a claimant in the CIPA Arbitrations.

11.      Defendant Alvaro Segura is an individual residing in Riverside, California, with citizenship in California.  Defendant Alvaro Segura is a claimant in the CIPA Arbitrations.

12.      Defendant Andre Thomas is an individual residing in Compton, California, with citizenship in California.  Defendant Andre Thomas is a claimant in the CIPA Arbitrations.

13.      Defendant Andres Baltierra is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Andres Baltierra is a claimant in the CIPA Arbitrations.

14.      Defendant Andrew Beshwate is an individual residing in Santa Barbara, California, with citizenship in California.  Defendant Andrew Beshwate is a claimant in the CIPA Arbitrations.

15.      Defendant Barry Perkins is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Barry Perkins is a claimant in the CIPA Arbitrations.

16.      Defendant Bianca Orozco is an individual residing in Ontario, California, with citizenship in California.  Defendant Bianca Orozco is a claimant in the CIPA Arbitrations.

17.      Defendant Blain Jones is an individual residing in Hawthorne, California, with citizenship in California.  Defendant Blain Jones is a claimant in the CIPA Arbitrations.

COMPLAINT FOR DECLARATORY JUDGMENT

18. Defendant Brian Patrick is an individual residing in Lynwood, California, with citizenship in California. Defendant Brian Patrick is a claimant in the CIPA Arbitrations.

19. Defendant Brittany Balaoing is an individual residing in Visalia, California, with citizenship in California. Defendant Brittany Balaoing is a claimant in the CIPA Arbitrations.

20. Defendant Calvin Whitmore Jr. is an individual residing in Lemoore, California, with citizenship in California. Defendant Calvin Whitmore Jr. is a claimant in the CIPA Arbitrations.

21. Defendant Carlos Tello is an individual residing in Alameda, California, with citizenship in California. Defendant Carlos Tello is a claimant in the CIPA Arbitrations.

22. Defendant Cesar Garcia is an individual residing in Rosemead, California, with citizenship in California. Defendant Cesar Garcia is a claimant in the CIPA Arbitrations.

23. Defendant Chad Bachman is an individual residing in Santa Cruz, California, with citizenship in California. Defendant Chad Bachman is a claimant in the CIPA Arbitrations.

24. Defendant Christian Couto is an individual residing in Auburn, California, with citizenship in California. Defendant Christian Couto is a claimant in the CIPA Arbitrations.

25. Defendant Christopher Costlow is an individual residing in Gardena, California, with citizenship in California. Defendant Christopher Costlow is a claimant in the CIPA Arbitrations.

26. Defendant Cliff Stewart is an individual residing in Poway, California, with citizenship in California. Defendant Cliff Stewart is a claimant in the CIPA Arbitrations.

27. Defendant Dagoberto Bahena is an individual residing in San Diego, California, with citizenship in California. Defendant Dagoberto Bahena is a claimant in the CIPA Arbitrations.

28. Defendant Daniel Barros is an individual residing in Stockton, California, with citizenship in California. Defendant Daniel Barros is a claimant in the CIPA Arbitrations.

29. Defendant Darryl Elder is an individual residing in Hayward, California, with citizenship in California. Defendant Darryl Elder is a claimant in the CIPA Arbitrations.

30. Defendant David Alcala is an individual residing in Delano, California, with citizenship in California. Defendant David Alcala is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

4
COMPLAINT FOR DECLARATORY JUDGMENT

31. Defendant David Marks is an individual residing in Fontana, California, with citizenship in California. Defendant David Marks is a claimant in the CIPA Arbitrations.

32. Defendant Dede Crittendon is an individual residing in Los Angeles, California, with citizenship in California. Defendant Dede Crittendon is a claimant in the CIPA Arbitrations.

33. Defendant Dylan Garren is an individual residing in Stockton, California, with citizenship in California. Defendant Dylan Garren is a claimant in the CIPA Arbitrations.

34. Defendant Eddie Rodriguez is an individual residing in La Mirada, California, with citizenship in California. Defendant Eddie Rodriguez is a claimant in the CIPA Arbitrations.

35. Defendant Edgar Mendias is an individual residing in Burbank, California, with citizenship in California. Defendant Edgar Mendias is a claimant in the CIPA Arbitrations.

36. Defendant Eduardo Landin is an individual residing in El Monte, California, with citizenship in California. Defendant Eduardo Landin is a claimant in the CIPA Arbitrations.

37. Defendant Eduardo Silvera is an individual residing in Corona, California, with citizenship in California. Defendant Eduardo Silvera is a claimant in the CIPA Arbitrations.

38. Defendant Elmer Rosales is an individual residing in Bellflower, California, with citizenship in California. Defendant Elmer Rosales is a claimant in the CIPA Arbitrations.

39. Defendant Felipe Duran is an individual residing in Montague, California, with citizenship in California. Defendant Felipe Duran is a claimant in the CIPA Arbitrations.

40. Defendant Felipe Ramirez is an individual residing in Ontario, California, with citizenship in California. Defendant Felipe Ramirez is a claimant in the CIPA Arbitrations.

41. Defendant Frank Davis is an individual residing in Martinez, California, with citizenship in California. Defendant Frank Davis is a claimant in the CIPA Arbitrations.

42. Defendant Gabriel O. Mendoza is an individual residing in Wasco, California, with citizenship in California. Defendant Gabriel O. Mendoza is a claimant in the CIPA Arbitrations.

43. Defendant George Gutierrez is an individual residing in Bellflower, California, with citizenship in California. Defendant George Gutierrez is a claimant in the CIPA Arbitrations.

44. Defendant Harrison Montague is an individual residing in Roseville, California, with citizenship in California. Defendant Harrison Montague is a claimant in the CIPA

COMPLAINT FOR DECLARATORY JUDGMENT

Arbitrations.

45.    Defendant Heather Harney is an individual residing in Sunnyvale, California, with citizenship in California.  Defendant Heather Harney is a claimant in the CIPA Arbitrations.

46.    Defendant Henry Brewer is an individual residing in Santa Rosa, California, with citizenship in California.  Defendant Henry Brewer is a claimant in the CIPA Arbitrations.

47.    Defendant Herbert Morales is an individual residing in Sacramento, California, with citizenship in California.  Defendant Herbert Morales is a claimant in the CIPA Arbitrations.

48.    Defendant Irene Gutierrez is an individual residing in Fresno, California, with citizenship in California.  Defendant Irene Gutierrez is a claimant in the CIPA Arbitrations.

49.    Defendant Jaime Larios is an individual residing in Barstow, California, with citizenship in California.  Defendant Jaime Larios is a claimant in the CIPA Arbitrations.

50.    Defendant Jarrett Adams is an individual residing in San Diego, California, with citizenship in California.  Defendant Jarrett Adams is a claimant in the CIPA Arbitrations.

51.    Defendant Jason Cosper is an individual residing in Bakersfield, California, with citizenship in California.  Defendant Jason Cosper is a claimant in the CIPA Arbitrations.

52.    Defendant Jasper Frontiero is an individual residing in Santee, California, with citizenship in California.  Defendant Jasper Frontiero is a claimant in the CIPA Arbitrations.

53.    Defendant Javier Lopez is an individual residing in Corona, California, with citizenship in California.  Defendant Javier Lopez is a claimant in the CIPA Arbitrations.

54.    Defendant Johnny Hermosillo is an individual residing in Ontario, California, with citizenship in California.  Defendant Johnny Hermosillo is a claimant in the CIPA Arbitrations.

55.    Defendant Jon Vinson is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Jon Vinson is a claimant in the CIPA Arbitrations.

56.    Defendant Jonathan Krauss is an individual residing in American Canyon, California, with citizenship in California.  Defendant Jonathan Krauss is a claimant in the CIPA Arbitrations.

57.    Defendant Joshua Shaw is an individual residing in Merced, California, with citizenship in California.  Defendant Joshua Shaw is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

6

COMPLAINT FOR DECLARATORY JUDGMENT

58. Defendant Juan M. Espinoza is an individual residing in Anaheim, California, with citizenship in California. Defendant Juan M. Espinoza is a claimant in the CIPA Arbitrations.

59. Defendant Justin Walsh is an individual residing in Canyon Lake, California, with citizenship in California. Defendant Justin Walsh is a claimant in the CIPA Arbitrations.

60. Defendant Kelly Jackson is an individual residing in San Diego, California, with citizenship in California. Defendant Kelly Jackson is a claimant in the CIPA Arbitrations.

61. Defendant Kelly Watson is an individual residing in Bakersfield, California, with citizenship in California. Defendant Kelly Watson is a claimant in the CIPA Arbitrations.

62. Defendant Kenn Richardson is an individual residing in Long Beach, California, with citizenship in California. Defendant Kenn Richardson is a claimant in the CIPA Arbitrations.

63. Defendant Kenneth Robinson is an individual residing in Perris, California, with citizenship in California. Defendant Kenneth Robinson is a claimant in the CIPA Arbitrations.

64. Defendant Kenneth Tindal is an individual residing in Costa Mesa, California, with citizenship in California. Defendant Kenneth Tindal is a claimant in the CIPA Arbitrations.

65. Defendant Lisa Gomez is an individual residing in Downey, California, with citizenship in California. Defendant Lisa Gomez is a claimant in the CIPA Arbitrations.

66. Defendant Lorenzo Soberanis is an individual residing in Santa Ana, California, with citizenship in California. Defendant Lorenzo Soberanis is a claimant in the CIPA Arbitrations.

67. Defendant Louis Craner is an individual residing in Long Beach, California, with citizenship in California. Defendant Louis Craner is a claimant in the CIPA Arbitrations.

68. Defendant Luis Barragan is an individual residing in Downey, California, with citizenship in California. Defendant Luis Barragan is a claimant in the CIPA Arbitrations.

69. Defendant Luis Velasquez is an individual residing in Pomona, California, with citizenship in California. Defendant Luis Velasquez is a claimant in the CIPA Arbitrations.

70. Defendant Manuel Vanegas is an individual residing in Pittsburg, California, with citizenship in California. Defendant Manuel Vanegas is a claimant in the CIPA Arbitrations.

71. Defendant Mario Garcia is an individual residing in Gilroy, California, with citizenship in California. Defendant Mario Garcia is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

7

COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

72. Defendant Marlon Mariano is an individual residing in Walnut Creek, California, with citizenship in California. Defendant Marlon Mariano is a claimant in the CIPA Arbitrations.

73. Defendant Michael Bilello is an individual residing in Anaheim, California, with citizenship in California. Defendant Michael Bilello is a claimant in the CIPA Arbitrations.

74. Defendant Michael Kaudze is an individual residing in Riverside, California, with citizenship in California. Defendant Michael Kaudze is a claimant in the CIPA Arbitrations.

75. Defendant Miguel Estrada is an individual residing in Lathrop, California, with citizenship in California. Defendant Miguel Estrada is a claimant in the CIPA Arbitrations.

76. Defendant Mikayla Rawson is an individual residing in Wheatland, California, with citizenship in California. Defendant Mikayla Rawson is a claimant in the CIPA Arbitrations.

77. Defendant Muhammad Abdullah is an individual residing in San Jose, California, with citizenship in California. Defendant Muhammad Abdullah is a claimant in the CIPA Arbitrations.

78. Defendant Nicholas Smedley is an individual residing in Oxnard, California, with citizenship in California. Defendant Nicholas Smedley is a claimant in the CIPA Arbitrations.

79. Defendant Paris Holmes is an individual residing in Stockton, California, with citizenship in California. Defendant Paris Holmes is a claimant in the CIPA Arbitrations.

80. Defendant Patrick Graboyes is an individual residing in Carlsbad, California, with citizenship in California. Defendant Patrick Graboyes is a claimant in the CIPA Arbitrations.

81. Defendant Raymond Barbosa is an individual residing in Santa Barbara, California, with citizenship in California. Defendant Raymond Barbosa is a claimant in the CIPA Arbitrations.

82. Defendant Richard Borja is an individual residing in Clovis, California, with citizenship in California. Defendant Richard Borja is a claimant in the CIPA Arbitrations.

83. Defendant Richard Hillman is an individual residing in Escondido, California, with citizenship in California. Defendant Richard Hillman is a claimant in the CIPA Arbitrations.

84. Defendant Ricky Nies is an individual residing in Riverbank, California, with citizenship in California. Defendant Ricky Nies is a claimant in the CIPA Arbitrations.

85. Defendant Robert Adams is an individual residing in Stockton, California, with

8
COMPLAINT FOR DECLARATORY JUDGMENT

citizenship in California. Defendant Robert Adams is a claimant in the CIPA Arbitrations.

86. Defendant Ronald Soucy is an individual residing in Anaheim, California, with citizenship in California. Defendant Ronald Soucy is a claimant in the CIPA Arbitrations.

87. Defendant Rony Ramos is an individual residing in Paramount, California, with citizenship in California. Defendant Rony Ramos is a claimant in the CIPA Arbitrations.

88. Defendant Royal Corralejo is an individual residing in Antioch, California, with citizenship in California. Defendant Royal Corralejo is a claimant in the CIPA Arbitrations.

89. Defendant Ruben Cruz is an individual residing in Corona, California, with citizenship in California. Defendant Ruben Cruz is a claimant in the CIPA Arbitrations.

90. Defendant Sal Munoz is an individual residing in Hayward, California, with citizenship in California. Defendant Sal Munoz is a claimant in the CIPA Arbitrations.

91. Defendant Salvador Alvarez Martinez is an individual residing in Highland, California, with citizenship in California. Defendant Salvador Alvarez Martinez is a claimant in the CIPA Arbitrations.

92. Defendant Shawn Ponsford is an individual residing in Rancho Cucamonga, California, with citizenship in California. Defendant Shawn Ponsford is a claimant in the CIPA Arbitrations.

93. Defendant Stephen Koppy is an individual residing in Rohnert Park, California, with citizenship in California. Defendant Stephen Koppy is a claimant in the CIPA Arbitrations.

94. Defendant Steve Kosha is an individual residing in Lake Elsinore, California, with citizenship in California. Defendant Steve Kosha is a claimant in the CIPA Arbitrations.

95. Defendant Steve Lothspeich is an individual residing in San Marcos, California, with citizenship in California. Defendant Steve Lothspeich is a claimant in the CIPA Arbitrations.

96. Defendant Toby Rice is an individual residing in Oceanside, California, with citizenship in California. Defendant Toby Rice is a claimant in the CIPA Arbitrations.

97. Defendant Trent Starr is an individual residing in Santee, California, with citizenship in California. Defendant Trent Starr is a claimant in the CIPA Arbitrations.

98. Defendant Troy Antoine is an individual residing in Oceanside, California, with

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

9
COMPLAINT FOR DECLARATORY JUDGMENT

citizenship in California.  Defendant Troy Antoine is a claimant in the CIPA Arbitrations.

99.    Defendant Vincent Holguin is an individual residing in El Monte, California, with citizenship in California.  Defendant Vincent Holguin is a claimant in the CIPA Arbitrations.

100.    Defendant Vivian Hernandez is an individual residing in Modesto, California, with citizenship in California.  Defendant Vivian Hernandez is a claimant in the CIPA Arbitrations.

101.    Defendant William Darosa is an individual residing in Los Angeles, California, with citizenship in California.  Defendant William Darosa is a claimant in the CIPA Arbitrations.

102.    Defendant William Lavenger is an individual residing in Grover Beach, California, with citizenship in California.  Defendant William Lavenger is a claimant in the CIPA Arbitrations.

103.    Defendant William Mattson is an individual residing in Los Angeles, California, with citizenship in California.  Defendant William Mattson is a claimant in the CIPA Arbitrations.

104.    Defendant William Solis is an individual residing in San Bernardino, California, with citizenship in California.  Defendant William Solis is a claimant in the CIPA Arbitrations.

105.    Defendant William Warner is an individual residing in Gardena, California, with citizenship in California.  Defendant William Warner is a claimant in the CIPA Arbitrations.

106.    Defendant Zane Hasan is an individual residing in Claremont, California, with citizenship in California.  Defendant Zane Hasan is a claimant in the CIPA Arbitrations.

107.    Defendant Zei Norgate is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Zei Norgate is a claimant in the CIPA Arbitrations.

## **JURISDICTION AND VENUE**

108.    The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022, provides the remedy sought by New Era in this action.

109.    The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Defendants in the underlying CIPA Arbitrations allege violation of and seek statutory damages under the Electronic Communications Privacy Act (or "Wiretap Act"), 18 U.S.C. §§ 2510–2523, among state statutory claims.  *See, e.g.*, *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) ("'[T]he character of the threatened action, and not of the defense' determines whether there is federal-question jurisdiction." (citation omitted)).  New Era's

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

declaratory judgment action "arises under" federal law because the "character of the threatened action" in the underlying CIPA Arbitrations includes federal claims.

110. Further, had Defendants filed in federal court rather than with AAA, a federal court would have federal question jurisdiction, as Defendants' demands each assert a claim under federal law (i.e., the Wiretap Act). *See, e.g.*, *Merced Irr. Dist. v. County of Mariposa*, 941 F. Supp. 2d 1237, 1259 (E.D. Cal. 2013) ("[T]o determine federal-question jurisdiction over declaratory judgment actions, courts essentially 'reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy.'" (quoting *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997))).

111. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims asserted in the CIPA Arbitrations, including the claims under the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code §§ 631, 632.7, 638.51), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and analogous state statutes. Because those claims are part of the same case or controversy as the federal claim and form part of the same underlying dispute for which New Era seeks declaratory relief, supplemental jurisdiction applies.

112. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all the Defendants are residents of California, and several of the Defendants reside within this District—the Northern District of California.

## FACTUAL BACKGROUND

**A.     New Era's Terms and Conditions**

113. New Era operates and controls www.neweracap.com (the "Site"), through which it offers content, functionality, services, and products to members of the general public, including California consumers.

114. Users are not required to register, create an account, or log in to browse the Site. Any member of the general public may browse and purchase products through the Site.

115. New Era publishes Terms and Conditions on the Site, located at www.neweracap.com/policies/terms-of-service (the "Terms") by way of a footer link located at the

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

bottom of each page.  The Terms were last updated on October 7, 2025.  *See* Exhibit D.

116.    Aside from the link in the footer, no notice of the Terms is provided to users who visit the Site.  Though the Site displays a cookie consent banner to users upon accessing the homepage, that banner, depicted below, references only the Privacy Policy:



117.    To access and view the Terms and Conditions, a user must scroll to the bottom of the Site, where the footer is displayed.  The footer displays the Terms and Conditions as a hyperlink, but never prompts the user to take any affirmative action to accept the Terms and Conditions:

**B.    The CIPA Arbitrations**

118.    Beginning on or about March 26, 2026, Defendants filed one-hundred individual

COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

arbitration demands with the AAA. *See* Exhibits A, C.

119. Each of the one-hundred demands filed on behalf of Defendants includes essentially the same allegations, alleging that the named Defendant visited the Site and that information concerning their visit was shared with third-party advertising partners, including TikTok, Meta, Google, Snapchat, Reddit, Twitter, Pinterest, and Bing. Defendants do not allege the date or dates that they visited the Site, what they did while on the Site, or what specific information was allegedly shared with these third parties about their visit.

120. The demands assert violations of the Electronic Communications Privacy Act (codified at 18 U.S.C. § 2510 *et seq.*), the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 638.51), and the California Unfair Competition Law (Business & Professions Code § 17200).

121. The demands invoke the arbitration clause in Section 9 of New Era's Terms as the basis for AAA jurisdiction, but do not say when they agreed to the Terms, how the Terms were presented to them, whether they had actual (or constructive notice) of the Terms, how they manifested their consent to those Terms, or whether they offered any consideration therefor.

122. New Era vigorously denies the substantive merits of all claims asserted in the CIPA Arbitrations. The threshold issue presented in this action, however, is not the merits of Defendants' claims, but whether any valid arbitration agreement for those claims was formed.

123. On or about May 12, 2026, New Era wrote to Defendants, formally disputing the existence of any valid arbitration agreement and demanding Defendants dismiss their meritless arbitration demands. New Era notified Defendants that it did not intend to participate in any arbitration because it has not entered into a binding arbitration agreement with Defendants. New Era further advised that if Defendants would not dismiss the demands, New Era intended to file this declaratory judgment action.

124. On May 26, 2026, Defendants responded, confirming that if New Era proceeds with its plan to file a declaratory judgment action, Defendants will contest it.

125. While New Era disputes AAA's jurisdiction, New Era paid the AAA invoice under protest and without waiver of any right, defense, or objection, and expressly reserved its right to

contest the AAA's jurisdiction, including the right to seek appropriate relief from a court of competent jurisdiction. *See* Exhibit F (AAA Fee Invoice); Exhibit G (AAA Fee Payment Confirmation); Exhibit H (May 14, 2026, Letter to AAA Protesting Fees). New Era's payment does not constitute assent to, or ratification of, any agreement to arbitrate.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

126.    An actual and present "case or controversy" exists between the parties within the meaning of 28 U.S.C. § 2201 because on or about March 26, 2026, Defendants filed an arbitration demand letter with the AAA—creating a controversy. *See, e.g.*, *Sussman v. Soleil*, No. 2:18-CV-02218, 2020 WL 870222, at \*4 (D. Nev. Feb. 21, 2020) ("Numerous courts have held that the receipt of a letter threatening litigation satisfies the actual-case-or-controversy requirement for purposes of the DJA.").

127.    Arbitration is strictly a matter of contract, and no one can be compelled to arbitration a dispute they have not agreed to arbitrate. *Chabolla*, 129 F.4th at 1153–1154; *Berman*, 30 F.4th at 855. A dispute currently exists between Plaintiff and Defendants as to the threshold question of whether an agreement to arbitrate was formed and thus whether New Era can be compelled to arbitrate Defendants' claims.

128.    The parties' legal interests are adverse and substantial. On May 12, 2026, New Era made clear it believes no valid or enforceable arbitration agreement was ever formed because New Era's Terms constitute an unenforceable browsewrap agreement.

129.    On May 26, 2026, Defendants responded, contending that a valid and enforceable arbitration agreement exists and confirming that they will contest any declaratory judgment action to the contrary. *See, e.g.*, *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1042 (E.D. Cal. 2014) ("The parties differing views as to the viability of the challenged arbitration laws demonstrates an actual controversy. Plaintiffs' requested declaratory relief clarifies the legality and enforcement of the challenged arbitration laws and in turn the parties' legal relations.").

130.    The controversy is also sufficiently immediate, given the CIPA Arbitrations currently pending. New Era is being compelled to incur substantial costs in connection with AAA administrative proceedings notwithstanding its good-faith position that no valid arbitration

14

COMPLAINT FOR DECLARATORY JUDGMENT

agreement exists and will incur additional costs going forward if the requested relief is not granted. *See* Exhibits F, G.  New Era also faces threatened additional CIPA claims, as of April 10, 2026, from separate counsel on behalf of additional claimants.

131.    A declaration by this Court will resolve the controversy and serve the purposes of the Declaratory Judgment Act by determining whether New Era is obligated to arbitrate.

## **COUNT I**

### **Declaratory Judgment – No Valid or Enforceable Agreement to Arbitrate Exists**

### **(28 U.S.C. §§ 2201, 2202)**

132.    New Era repeats and realleges each allegation in the preceding paragraphs as though fully set forth herein.

133.    The Declaratory Judgment Act provides that in a case of actual controversy, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).

134.    As the party seeking to enforce the purported arbitration agreement, Defendants bear the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *See Keebaugh v. Warner Bros. Enter. Inc.*, 100 F.4th 1005, 1013 (9th Cir. 2024).

135.    To determine whether the parties have an agreement to arbitrate, state-law contract formation principles apply.  *Berman*, 30 F.4th at 855.  California contract law therefore applies.

136.    Under California law, an online contract requires "actual or constructive notice of the agreement and the parties must manifest mutual assent."  *Keebaugh*, 100 F.4th at 1013–14 (citation omitted); *see also* Cal. Civ. Code §§ 1580–1585 (stating that acceptance must be "absolute and unqualified," before any binding agreement can exist).  Assent may be manifested through conduct, but "[t]he conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents."  *Keebaugh*, 100 F.4th at 1014 (quoting *Berman*, 30 F.4th at 855).

137.    In California, online contracts are categorized "by the way in which the user purportedly gives their assent to be bound by the associated terms: browsewraps, clickwraps, scrollwraps, and sign-in wraps."  *Id.* (quoting *Sellers v. JustAnswer LLC*, 289 Cal. Rptr. 3d 1, 15

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

(App. Ct. 2021)).

138.    A browsewrap agreement is "one in which an internet user accepts a website's terms of use merely by browsing the site." *Id.* (quoting *Sellers*, 289 Cal. Rptr. 3d at 15). The "website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014).

139.    A clickwrap agreement is where "website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use." *Id.* at 1175–76; *see also Chabolla*, 129 F.4th at 1154 ("Courts routinely enforce clickwraps.").

140.    A scrollwrap agreement, which provides the strongest notice, is "where the user must scroll through all the Terms of Service before they can click the mandatory 'I agree' box." *Keebaugh*, 100 F.4th at 1014; *Chabolla*, 129 F.4th at 1154 (noting scrollwraps are "usually enforced").

141.    A sign-in wrap agreement "lives somewhere in the middle: the website provides a link to terms of use and indicates that some action may bind the user but does not require that the user actually review those terms." *Chabolla*, 129 F.4th at 1154. A sign-in wrap agreement "may be an enforceable contract based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at 1154–55 (quoting *Keebaugh*, 100 F.4th at 1014).

142.    "Courts have consistently held th[e browsewrap] type of agreement to be unenforceable, as individuals do not have inquiry notice." *Keebaugh*, 100 F.4th at 1014 (citing *Nguyen*, 763 F.3d at 1178–79); *see also Chabolla*, 129 F.4th at 1154 ("Courts consistently decline to enforce browsewraps.").

143.    New Era's Terms are presented to visitors via two hyperlinks at the bottom of the Site, in a footer, without adornment or other features likely to draw visitors' attention to them.

144.    Users visiting New Era's Site "can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Nguyen*, 763 F.3d at 1176. This is a defining feature of browsewrap agreements.

145.    Defendants do not allege, and cannot prove, that they had actual notice of the Terms, how or when they manifested assent to them, or what consideration they offered in support of any such agreement.  Because no valid agreement was formed between New Era and Defendants, there is no agreement to arbitrate.

146.    Accordingly, Defendants have no right to compel New Era to arbitrate any claims, and the CIPA Arbitrations currently pending under AAA Case Number 01-26-0001-6664—as well as any additional demands filed or threatened against New Era arising from the same or similar facts—must be dismissed.

147.    New Era is therefore entitled to a declaration that:

(a)    No enforceable agreement to arbitrate exists between New Era and Defendants;

(b)    Defendants cannot compel New Era to participate in any arbitration proceeding with respect to their claims; and

(c)    The CIPA Arbitrations are improper and must be terminated.

## **PRAYER FOR RELIEF**

WHEREFORE, New Era respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

(a)    A declaration pursuant to 28 U.S.C. § 2201 that no valid or enforceable agreement to arbitrate exists between New Era and Defendants;

(b)    A declaration that the arbitration clause contained in New Era's Terms and Conditions is void and unenforceable as applied to Defendants because no valid browsewrap agreement was ever formed;

(c)    A declaration that Defendants have no right to compel New Era to arbitrate any claims in connection with the CIPA Arbitrations or any other arbitration proceedings arising from the same or similar facts;

(d)    An order enjoining Defendants from prosecuting the CIPA Arbitrations, or from filing any additional arbitration demands against New Era, absent a valid and enforceable agreement to arbitrate;

(e)    An award of attorneys' fees and costs to the extent permitted by law; and

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

(f)   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

New Era demands a trial by jury on all issues so triable.

Dated: August 7, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**
Daniel T. Rockey, CA Bar No.  178604
Email:  daniel.rockey@bclplaw.com
Alexandra C. Whitworth, CA Bar No.  303046
Email:  alexandra.whitworth@bclplaw.com

By:   _____
      Daniel T. Rockey
      Alexandra C. Whitworth
Attorneys for Plaintiff New Era Cap, LLC

COMPLAINT FOR DECLARATORY JUDGMENT

**BRYAN CAVE LEIGHTON PAISNER LLP**
Daniel T. Rockey, CA Bar No.  178604
daniel.rockey@bclplaw.com
Alexandra C. Whitworth, CA Bar No.  303046
alex.whitworth@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4070
Telephone:    +1 415 675 3400
Facsimile:    +1 415 675 3434

Attorneys for Plaintiff New Era Cap, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEW ERA CAP, LLC, a limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| AARON RAMOS; ALDO REYES; ALFONSO AGUIRRE; ALVARO SEGURA; ANDRE THOMAS; ANDRES BALTIERRA; ANDREW BESHWATE; BARRY PERKINS; BIANCA OROZCO; BLAIN JONES; BRIAN PATRICK; BRITTANY BALAOING; CALVIN WHITMORE JR.; CARLOS TELLO; CESAR GARCIA; CHAD BACHMAN; CHRISTIAN COUTO; CHRISTOPHER COSTLOW; CLIFF STEWART; DAGOBERTO BAHENA; DANIEL BARROS; DARRYL ELDER; DAVID ALCALA; DAVID MARKS; DEDE CRITTENDON; DYLAN GARREN; EDDIE RODRIGUEZ; EDGAR MENDIAS; EDUARDO LANDIN; EDUARDO SILVERA; ELMER ROSALES; FELIPE DURAN; FELIPE RAMIREZ; FRANK DAVIS; GABRIEL O. MENDOZA; GEORGE GUTIERREZ; HARRISON MONTAGUE; HEATHER HARNEY; HENRY BREWER; HERBERT MORALES; IRENE GUTIERREZ; JAIME LARIOS; JARRETT ADAMS; JASON COSPER; JASPER FRONTIERO; JAVIER LOPEZ; JOHNNY HERMOSILLO; JON VINSON; JONATHAN KRAUSS; JOSHUA | |

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

COMPLAINT FOR DECLARATORY JUDGMENT

SHAW; JUAN M. ESPINOZA; JUSTIN WALSH; KELLY JACKSON; KELLY WATSON; KENN RICHARDSON; KENNETH ROBINSON; KENNETH TINDAL; LISA GOMEZ; LORENZO SOBERANIS; LOUIS CRANER; LUIS BARRAGAN; LUIS VELASQUEZ; MANUEL VANEGAS; MARIO GARCIA; MARLON MARIANO; MICHAEL BILELLO; MICHAEL KAUDZE; MIGUEL ESTRADA; MIKAYLA RAWSON; MUHAMMAD ABDULLAH; NICHOLAS SMEDLEY; PARIS HOLMES; PATRICK GRABOYES; RAYMOND BARBOSA; RICHARD BORJA; RICHARD HILLMAN; RICKY NIES; ROBERT ADAMS; RONALD SOUCY; RONY RAMOS; ROYAL CORRALEJO; RUBEN CRUZ; SAL MUNOZ; SALVADOR ALVAREZ MARTINEZ; SHAWN PONSFORD; STEPHEN KOPPY; STEVE KOSHA; STEVE LOTHSPEICH; TOBY RICE; TRENT STARR; TROY ANTOINE; VINCENT HOLGUIN; VIVIAN HERNANDEZ; WILLIAM DAROSA; WILLIAM LAVENGER; WILLIAM MATTSON; WILLIAM SOLIS; WILLIAM WARNER; ZANE HASAN; and ZEI NORGATE, individuals,

Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

2
COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff New Era Cap, LLC ("New Era" or "Plaintiff") brings this action for declaratory relief against Defendants Aaron Ramos, Aldo Reyes, Alfonso Aguirre, Alvaro Segura, Andre Thomas, Andres Baltierra, Andrew Beshwate, Barry Perkins, Bianca Orozco, Blain Jones, Brian Patrick, Brittany Balaoing, Calvin Whitmore Jr., Carlos Tello, Cesar Garcia, Chad Bachman, Christian Couto, Christopher Costlow, Cliff Stewart, Dagoberto Bahena, Daniel Barros, Darryl Elder, David Alcala, David Marks, Dede Crittendon, Dylan Garren, Eddie Rodriguez, Edgar Mendias, Eduardo Landin, Eduardo Silvera, Elmer Rosales, Felipe Duran, Felipe Ramirez, Frank Davis, Gabriel O. Mendoza, George Gutierrez, Harrison Montague, Heather Harney, Henry Brewer, Herbert Morales, Irene Gutierrez, Jaime Larios, Jarrett Adams, Jason Cosper, Jasper Frontiero, Javier Lopez, Johnny Hermosillo, Jon Vinson, Jonathan Krauss, Joshua Shaw, Juan M. Espinoza, Justin Walsh, Kelly Jackson, Kelly Watson, Kenn Richardson, Kenneth Robinson, Kenneth Tindal, Lisa Gomez, Lorenzo Soberanis, Louis Craner, Luis Barragan, Luis Velasquez, Manuel Vanegas, Mario Garcia, Marlon Mariano, Michael Bilello, Michael Kaudze, Miguel Estrada, Mikayla Rawson, Muhammad Abdullah, Nicholas Smedley, Paris Holmes, Patrick Graboyes, Raymond Barbosa, Richard Borja, Richard Hillman, Ricky Nies, Robert Adams, Ronald Soucy, Rony Ramos, Royal Corralejo, Ruben Cruz, Sal Munoz, Salvador Alvarez Martinez, Shawn Ponsford, Stephen Koppy, Steve Kosha, Steve Lothspeich, Toby Rice, Trent Starr, Troy Antoine, Vincent Holguin, Vivian Hernandez, William Darosa, William Lavenger, William Mattson, William Solis, William Warner, Zane Hasan, and Zei Norgate (collectively, "Defendants") and alleges as follows:

## **NATURE OF THE ACTION**

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022. New Era seeks a declaration that no valid or enforceable arbitration agreement was formed between New Era and Defendants, and that New Era cannot be forced to participate in any arbitration proceeding, including the pending one-hundred individual arbitrations arising primarily under the California Invasion of Privacy Act ("CIPA") filed by Defendants with the American Arbitration Association ("AAA") (the "CIPA Arbitrations").

2.     Beginning on or about March 26, 2026, Defendants—acting through their counsel

Bryson Harris Suciu Demay PLLC—filed one hundred arbitrations against New Era with the AAA (Case No. 01-26-0001-6664). *See* Exhibit A (March 26, 2026, Representative AAA Demand Letter); Exhibit B (April 8, 2026, AAA CIPA Arbitrations Confirmation Letter); Exhibit C (Affirmation of Hunter Bryson).

3. In the demands filed with AAA, Defendants invoke an arbitration clause contained in New Era's online Terms and Conditions ("Terms"),[1] but allege no facts sufficient to show that an enforceable agreement was formed. They allege that they visited Plaintiff's website at www.neweracap.com (the "Site") on an unspecified occasion and that information concerning their visit was shared with one or more third-party marketing partners. They do not allege how or when a contract was formed, whether they offered any consideration for any such contract, whether there was a meeting of the minds as to contract formation, or how they manifested assent to the Terms. No valid and enforceable agreement to arbitrate was ever formed between New Era and Defendants.

4. It is black letter law that arbitration is a matter of contract and that a party cannot be compelled to arbitrate unless a valid and enforceable agreement to arbitrate exists. *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1153–1154 (9th Cir. 2025) ("[T]o hold Chabolla to an arbitration clause we must discern whether she entered into such a contract in the first place."); *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) ("The [FAA] requires district courts to compel arbitration of claims covered by an *enforceable* arbitration agreement." (emphasis added)).

5. An actual and justiciable controversy currently exists between the parties. Defendants have already filed the CIPA Arbitrations with AAA, those proceedings are pending, and New Era has been forced to pay thousands of dollars in arbitration fees to avoid waiver and preserve its rights. *See* Exhibits A, B. New Era brings this action to establish what Defendants deny: that no valid arbitration agreement exists, New Era cannot be forced to arbitrate Defendants' claims, AAA lacks jurisdiction over the CIPA Arbitrations, and the CIPA Arbitrations must therefore be dismissed.

---

[1] *See* Exhibit D (New Era Terms and Conditions).

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

**THE PARTIES**

6.      Plaintiff New Era Cap, LLC is a limited liability company organized and existing under the laws of Delaware with its headquarters in Buffalo, New York.  New Era is a sportswear brand best known for producing licensed caps, apparel, and accessories.  New Era is registered to do business in, and conducts substantial business within, California.

7.      Defendants are one hundred individuals, listed on Exhibit E attached hereto, each of whom is believed to be a resident and citizen of California.  Each Defendant is a claimant against New Era in the pending CIPA Arbitrations.  *See* Exhibits C, E (AAA Case-Filing Spreadsheet).

8.      Defendant Aaron Ramos is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Aaron Ramos is a claimant in the CIPA Arbitrations.

9.      Defendant Aldo Reyes is an individual residing in Lathrop, California, with citizenship in California.  Defendant Aldo Reyes is a claimant in the CIPA Arbitrations.

10.     Defendant Alfonso Aguirre is an individual residing in Lompoc, California, with citizenship in California.  Defendant Alfonso Aguirre is a claimant in the CIPA Arbitrations.

11.     Defendant Alvaro Segura is an individual residing in Riverside, California, with citizenship in California.  Defendant Alvaro Segura is a claimant in the CIPA Arbitrations.

12.     Defendant Andre Thomas is an individual residing in Compton, California, with citizenship in California.  Defendant Andre Thomas is a claimant in the CIPA Arbitrations.

13.     Defendant Andres Baltierra is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Andres Baltierra is a claimant in the CIPA Arbitrations.

14.     Defendant Andrew Beshwate is an individual residing in Santa Barbara, California, with citizenship in California.  Defendant Andrew Beshwate is a claimant in the CIPA Arbitrations.

15.     Defendant Barry Perkins is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Barry Perkins is a claimant in the CIPA Arbitrations.

16.     Defendant Bianca Orozco is an individual residing in Ontario, California, with citizenship in California.  Defendant Bianca Orozco is a claimant in the CIPA Arbitrations.

17.     Defendant Blain Jones is an individual residing in Hawthorne, California, with citizenship in California.  Defendant Blain Jones is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

3

COMPLAINT FOR DECLARATORY JUDGMENT

18. Defendant Brian Patrick is an individual residing in Lynwood, California, with citizenship in California. Defendant Brian Patrick is a claimant in the CIPA Arbitrations.

19. Defendant Brittany Balaoing is an individual residing in Visalia, California, with citizenship in California. Defendant Brittany Balaoing is a claimant in the CIPA Arbitrations.

20. Defendant Calvin Whitmore Jr. is an individual residing in Lemoore, California, with citizenship in California. Defendant Calvin Whitmore Jr. is a claimant in the CIPA Arbitrations.

21. Defendant Carlos Tello is an individual residing in Alameda, California, with citizenship in California. Defendant Carlos Tello is a claimant in the CIPA Arbitrations.

22. Defendant Cesar Garcia is an individual residing in Rosemead, California, with citizenship in California. Defendant Cesar Garcia is a claimant in the CIPA Arbitrations.

23. Defendant Chad Bachman is an individual residing in Santa Cruz, California, with citizenship in California. Defendant Chad Bachman is a claimant in the CIPA Arbitrations.

24. Defendant Christian Couto is an individual residing in Auburn, California, with citizenship in California. Defendant Christian Couto is a claimant in the CIPA Arbitrations.

25. Defendant Christopher Costlow is an individual residing in Gardena, California, with citizenship in California. Defendant Christopher Costlow is a claimant in the CIPA Arbitrations.

26. Defendant Cliff Stewart is an individual residing in Poway, California, with citizenship in California. Defendant Cliff Stewart is a claimant in the CIPA Arbitrations.

27. Defendant Dagoberto Bahena is an individual residing in San Diego, California, with citizenship in California. Defendant Dagoberto Bahena is a claimant in the CIPA Arbitrations.

28. Defendant Daniel Barros is an individual residing in Stockton, California, with citizenship in California. Defendant Daniel Barros is a claimant in the CIPA Arbitrations.

29. Defendant Darryl Elder is an individual residing in Hayward, California, with citizenship in California. Defendant Darryl Elder is a claimant in the CIPA Arbitrations.

30. Defendant David Alcala is an individual residing in Delano, California, with citizenship in California. Defendant David Alcala is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

31.     Defendant David Marks is an individual residing in Fontana, California, with citizenship in California.  Defendant David Marks is a claimant in the CIPA Arbitrations.

32.     Defendant Dede Crittendon is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Dede Crittendon is a claimant in the CIPA Arbitrations.

33.     Defendant Dylan Garren is an individual residing in Stockton, California, with citizenship in California.  Defendant Dylan Garren is a claimant in the CIPA Arbitrations.

34.     Defendant Eddie Rodriguez is an individual residing in La Mirada, California, with citizenship in California.  Defendant Eddie Rodriguez is a claimant in the CIPA Arbitrations.

35.     Defendant Edgar Mendias is an individual residing in Burbank, California, with citizenship in California.  Defendant Edgar Mendias is a claimant in the CIPA Arbitrations.

36.     Defendant Eduardo Landin is an individual residing in El Monte, California, with citizenship in California.  Defendant Eduardo Landin is a claimant in the CIPA Arbitrations.

37.     Defendant Eduardo Silvera is an individual residing in Corona, California, with citizenship in California.  Defendant Eduardo Silvera is a claimant in the CIPA Arbitrations.

38.     Defendant Elmer Rosales is an individual residing in Bellflower, California, with citizenship in California.  Defendant Elmer Rosales is a claimant in the CIPA Arbitrations.

39.     Defendant Felipe Duran is an individual residing in Montague, California, with citizenship in California.  Defendant Felipe Duran is a claimant in the CIPA Arbitrations.

40.     Defendant Felipe Ramirez is an individual residing in Ontario, California, with citizenship in California.  Defendant Felipe Ramirez is a claimant in the CIPA Arbitrations.

41.     Defendant Frank Davis is an individual residing in Martinez, California, with citizenship in California.  Defendant Frank Davis is a claimant in the CIPA Arbitrations.

42.     Defendant Gabriel O. Mendoza is an individual residing in Wasco, California, with citizenship in California.  Defendant Gabriel O. Mendoza is a claimant in the CIPA Arbitrations.

43.     Defendant George Gutierrez is an individual residing in Bellflower, California, with citizenship in California.  Defendant George Gutierrez is a claimant in the CIPA Arbitrations.

44.     Defendant Harrison Montague is an individual residing in Roseville, California, with citizenship in California.   Defendant Harrison Montague is a claimant in the CIPA

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

5

COMPLAINT FOR DECLARATORY JUDGMENT

Arbitrations.

45.　Defendant Heather Harney is an individual residing in Sunnyvale, California, with citizenship in California. Defendant Heather Harney is a claimant in the CIPA Arbitrations.

46.　Defendant Henry Brewer is an individual residing in Santa Rosa, California, with citizenship in California. Defendant Henry Brewer is a claimant in the CIPA Arbitrations.

47.　Defendant Herbert Morales is an individual residing in Sacramento, California, with citizenship in California. Defendant Herbert Morales is a claimant in the CIPA Arbitrations.

48.　Defendant Irene Gutierrez is an individual residing in Fresno, California, with citizenship in California. Defendant Irene Gutierrez is a claimant in the CIPA Arbitrations.

49.　Defendant Jaime Larios is an individual residing in Barstow, California, with citizenship in California. Defendant Jaime Larios is a claimant in the CIPA Arbitrations.

50.　Defendant Jarrett Adams is an individual residing in San Diego, California, with citizenship in California. Defendant Jarrett Adams is a claimant in the CIPA Arbitrations.

51.　Defendant Jason Cosper is an individual residing in Bakersfield, California, with citizenship in California. Defendant Jason Cosper is a claimant in the CIPA Arbitrations.

52.　Defendant Jasper Frontiero is an individual residing in Santee, California, with citizenship in California. Defendant Jasper Frontiero is a claimant in the CIPA Arbitrations.

53.　Defendant Javier Lopez is an individual residing in Corona, California, with citizenship in California. Defendant Javier Lopez is a claimant in the CIPA Arbitrations.

54.　Defendant Johnny Hermosillo is an individual residing in Ontario, California, with citizenship in California. Defendant Johnny Hermosillo is a claimant in the CIPA Arbitrations.

55.　Defendant Jon Vinson is an individual residing in Los Angeles, California, with citizenship in California. Defendant Jon Vinson is a claimant in the CIPA Arbitrations.

56.　Defendant Jonathan Krauss is an individual residing in American Canyon, California, with citizenship in California. Defendant Jonathan Krauss is a claimant in the CIPA Arbitrations.

57.　Defendant Joshua Shaw is an individual residing in Merced, California, with citizenship in California. Defendant Joshua Shaw is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

6

COMPLAINT FOR DECLARATORY JUDGMENT

58. Defendant Juan M. Espinoza is an individual residing in Anaheim, California, with citizenship in California. Defendant Juan M. Espinoza is a claimant in the CIPA Arbitrations.

59. Defendant Justin Walsh is an individual residing in Canyon Lake, California, with citizenship in California. Defendant Justin Walsh is a claimant in the CIPA Arbitrations.

60. Defendant Kelly Jackson is an individual residing in San Diego, California, with citizenship in California. Defendant Kelly Jackson is a claimant in the CIPA Arbitrations.

61. Defendant Kelly Watson is an individual residing in Bakersfield, California, with citizenship in California. Defendant Kelly Watson is a claimant in the CIPA Arbitrations.

62. Defendant Kenn Richardson is an individual residing in Long Beach, California, with citizenship in California. Defendant Kenn Richardson is a claimant in the CIPA Arbitrations.

63. Defendant Kenneth Robinson is an individual residing in Perris, California, with citizenship in California. Defendant Kenneth Robinson is a claimant in the CIPA Arbitrations.

64. Defendant Kenneth Tindal is an individual residing in Costa Mesa, California, with citizenship in California. Defendant Kenneth Tindal is a claimant in the CIPA Arbitrations.

65. Defendant Lisa Gomez is an individual residing in Downey, California, with citizenship in California. Defendant Lisa Gomez is a claimant in the CIPA Arbitrations.

66. Defendant Lorenzo Soberanis is an individual residing in Santa Ana, California, with citizenship in California. Defendant Lorenzo Soberanis is a claimant in the CIPA Arbitrations.

67. Defendant Louis Craner is an individual residing in Long Beach, California, with citizenship in California. Defendant Louis Craner is a claimant in the CIPA Arbitrations.

68. Defendant Luis Barragan is an individual residing in Downey, California, with citizenship in California. Defendant Luis Barragan is a claimant in the CIPA Arbitrations.

69. Defendant Luis Velasquez is an individual residing in Pomona, California, with citizenship in California. Defendant Luis Velasquez is a claimant in the CIPA Arbitrations.

70. Defendant Manuel Vanegas is an individual residing in Pittsburg, California, with citizenship in California. Defendant Manuel Vanegas is a claimant in the CIPA Arbitrations.

71. Defendant Mario Garcia is an individual residing in Gilroy, California, with citizenship in California. Defendant Mario Garcia is a claimant in the CIPA Arbitrations.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

7

COMPLAINT FOR DECLARATORY JUDGMENT

72. Defendant Marlon Mariano is an individual residing in Walnut Creek, California, with citizenship in California. Defendant Marlon Mariano is a claimant in the CIPA Arbitrations.

73. Defendant Michael Bilello is an individual residing in Anaheim, California, with citizenship in California. Defendant Michael Bilello is a claimant in the CIPA Arbitrations.

74. Defendant Michael Kaudze is an individual residing in Riverside, California, with citizenship in California. Defendant Michael Kaudze is a claimant in the CIPA Arbitrations.

75. Defendant Miguel Estrada is an individual residing in Lathrop, California, with citizenship in California. Defendant Miguel Estrada is a claimant in the CIPA Arbitrations.

76. Defendant Mikayla Rawson is an individual residing in Wheatland, California, with citizenship in California. Defendant Mikayla Rawson is a claimant in the CIPA Arbitrations.

77. Defendant Muhammad Abdullah is an individual residing in San Jose, California, with citizenship in California. Defendant Muhammad Abdullah is a claimant in the CIPA Arbitrations.

78. Defendant Nicholas Smedley is an individual residing in Oxnard, California, with citizenship in California. Defendant Nicholas Smedley is a claimant in the CIPA Arbitrations.

79. Defendant Paris Holmes is an individual residing in Stockton, California, with citizenship in California. Defendant Paris Holmes is a claimant in the CIPA Arbitrations.

80. Defendant Patrick Graboyes is an individual residing in Carlsbad, California, with citizenship in California. Defendant Patrick Graboyes is a claimant in the CIPA Arbitrations.

81. Defendant Raymond Barbosa is an individual residing in Santa Barbara, California, with citizenship in California. Defendant Raymond Barbosa is a claimant in the CIPA Arbitrations.

82. Defendant Richard Borja is an individual residing in Clovis, California, with citizenship in California. Defendant Richard Borja is a claimant in the CIPA Arbitrations.

83. Defendant Richard Hillman is an individual residing in Escondido, California, with citizenship in California. Defendant Richard Hillman is a claimant in the CIPA Arbitrations.

84. Defendant Ricky Nies is an individual residing in Riverbank, California, with citizenship in California. Defendant Ricky Nies is a claimant in the CIPA Arbitrations.

85. Defendant Robert Adams is an individual residing in Stockton, California, with

COMPLAINT FOR DECLARATORY JUDGMENT

citizenship in California. Defendant Robert Adams is a claimant in the CIPA Arbitrations.

86. Defendant Ronald Soucy is an individual residing in Anaheim, California, with citizenship in California. Defendant Ronald Soucy is a claimant in the CIPA Arbitrations.

87. Defendant Rony Ramos is an individual residing in Paramount, California, with citizenship in California. Defendant Rony Ramos is a claimant in the CIPA Arbitrations.

88. Defendant Royal Corralejo is an individual residing in Antioch, California, with citizenship in California. Defendant Royal Corralejo is a claimant in the CIPA Arbitrations.

89. Defendant Ruben Cruz is an individual residing in Corona, California, with citizenship in California. Defendant Ruben Cruz is a claimant in the CIPA Arbitrations.

90. Defendant Sal Munoz is an individual residing in Hayward, California, with citizenship in California. Defendant Sal Munoz is a claimant in the CIPA Arbitrations.

91. Defendant Salvador Alvarez Martinez is an individual residing in Highland, California, with citizenship in California. Defendant Salvador Alvarez Martinez is a claimant in the CIPA Arbitrations.

92. Defendant Shawn Ponsford is an individual residing in Rancho Cucamonga, California, with citizenship in California. Defendant Shawn Ponsford is a claimant in the CIPA Arbitrations.

93. Defendant Stephen Koppy is an individual residing in Rohnert Park, California, with citizenship in California. Defendant Stephen Koppy is a claimant in the CIPA Arbitrations.

94. Defendant Steve Kosha is an individual residing in Lake Elsinore, California, with citizenship in California. Defendant Steve Kosha is a claimant in the CIPA Arbitrations.

95. Defendant Steve Lothspeich is an individual residing in San Marcos, California, with citizenship in California. Defendant Steve Lothspeich is a claimant in the CIPA Arbitrations.

96. Defendant Toby Rice is an individual residing in Oceanside, California, with citizenship in California. Defendant Toby Rice is a claimant in the CIPA Arbitrations.

97. Defendant Trent Starr is an individual residing in Santee, California, with citizenship in California. Defendant Trent Starr is a claimant in the CIPA Arbitrations.

98. Defendant Troy Antoine is an individual residing in Oceanside, California, with

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

COMPLAINT FOR DECLARATORY JUDGMENT

citizenship in California.  Defendant Troy Antoine is a claimant in the CIPA Arbitrations.

99.    Defendant Vincent Holguin is an individual residing in El Monte, California, with citizenship in California.  Defendant Vincent Holguin is a claimant in the CIPA Arbitrations.

100.    Defendant Vivian Hernandez is an individual residing in Modesto, California, with citizenship in California.  Defendant Vivian Hernandez is a claimant in the CIPA Arbitrations.

101.    Defendant William Darosa is an individual residing in Los Angeles, California, with citizenship in California.  Defendant William Darosa is a claimant in the CIPA Arbitrations.

102.    Defendant William Lavenger is an individual residing in Grover Beach, California, with citizenship in California.  Defendant William Lavenger is a claimant in the CIPA Arbitrations.

103.    Defendant William Mattson is an individual residing in Los Angeles, California, with citizenship in California.  Defendant William Mattson is a claimant in the CIPA Arbitrations.

104.    Defendant William Solis is an individual residing in San Bernardino, California, with citizenship in California.  Defendant William Solis is a claimant in the CIPA Arbitrations.

105.    Defendant William Warner is an individual residing in Gardena, California, with citizenship in California.  Defendant William Warner is a claimant in the CIPA Arbitrations.

106.    Defendant Zane Hasan is an individual residing in Claremont, California, with citizenship in California.  Defendant Zane Hasan is a claimant in the CIPA Arbitrations.

107.    Defendant Zei Norgate is an individual residing in Los Angeles, California, with citizenship in California.  Defendant Zei Norgate is a claimant in the CIPA Arbitrations.

## JURISDICTION AND VENUE

108.    The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022, provides the remedy sought by New Era in this action.

109.    The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Defendants in the underlying CIPA Arbitrations allege violation of and seek statutory damages under the Electronic Communications Privacy Act (or "Wiretap Act"), 18 U.S.C. §§ 2510–2523, among state statutory claims.  *See, e.g.*, *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) ("'[T]he character of the threatened action, and not of the defense' determines whether there is federal-question jurisdiction." (citation omitted)).    New Era's

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

declaratory judgment action "arises under" federal law because the "character of the threatened action" in the underlying CIPA Arbitrations includes federal claims.

110. Further, had Defendants filed in federal court rather than with AAA, a federal court would have federal question jurisdiction, as Defendants' demands each assert a claim under federal law (i.e., the Wiretap Act). *See, e.g.*, *Merced Irr. Dist. v. County of Mariposa*, 941 F. Supp. 2d 1237, 1259 (E.D. Cal. 2013) ("[T]o determine federal-question jurisdiction over declaratory judgment actions, courts essentially 'reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy.'" (quoting *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997))).

111. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims asserted in the CIPA Arbitrations, including the claims under the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code §§ 631, 632.7, 638.51), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and analogous state statutes. Because those claims are part of the same case or controversy as the federal claim and form part of the same underlying dispute for which New Era seeks declaratory relief, supplemental jurisdiction applies.

112. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all the Defendants are residents of California, and several of the Defendants reside within this District—the Northern District of California.

## FACTUAL BACKGROUND

**A.　New Era's Terms and Conditions**

113. New Era operates and controls www.neweracap.com (the "Site"), through which it offers content, functionality, services, and products to members of the general public, including California consumers.

114. Users are not required to register, create an account, or log in to browse the Site. Any member of the general public may browse and purchase products through the Site.

115. New Era publishes Terms and Conditions on the Site, located at www.neweracap.com/policies/terms-of-service (the "Terms") by way of a footer link located at the

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

bottom of each page.  The Terms were last updated on October 7, 2025.  *See* Exhibit D.

116.    Aside from the link in the footer, no notice of the Terms is provided to users who visit the Site.  Though the Site displays a cookie consent banner to users upon accessing the homepage, that banner, depicted below, references only the Privacy Policy:



117.    To access and view the Terms and Conditions, a user must scroll to the bottom of the Site, where the footer is displayed.  The footer displays the Terms and Conditions as a hyperlink, but never prompts the user to take any affirmative action to accept the Terms and Conditions:

**B.    The CIPA Arbitrations**

118.    Beginning on or about March 26, 2026, Defendants filed one-hundred individual

arbitration demands with the AAA.  *See* Exhibits A, C.

119.    Each of the one-hundred demands filed on behalf of Defendants includes essentially the same allegations, alleging that the named Defendant visited the Site and that information concerning their visit was shared with third-party advertising partners, including TikTok, Meta, Google, Snapchat, Reddit, Twitter, Pinterest, and Bing.  Defendants do not allege the date or dates that they visited the Site, what they did while on the Site, or what specific information was allegedly shared with these third parties about their visit.

120.    The demands assert violations of the Electronic Communications Privacy Act (codified at 18 U.S.C. § 2510 *et seq.*), the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 638.51), and the California Unfair Competition Law (Business & Professions Code § 17200).

121.    The demands invoke the arbitration clause in Section 9 of New Era's Terms as the basis for AAA jurisdiction, but do not say when they agreed to the Terms, how the Terms were presented to them, whether they had actual (or constructive notice) of the Terms, how they manifested their consent to those Terms, or whether they offered any consideration therefor.

122.    New Era vigorously denies the substantive merits of all claims asserted in the CIPA Arbitrations.  The threshold issue presented in this action, however, is not the merits of Defendants' claims, but whether any valid arbitration agreement for those claims was formed.

123.    On or about May 12, 2026, New Era wrote to Defendants, formally disputing the existence of any valid arbitration agreement and demanding Defendants dismiss their meritless arbitration demands.  New Era notified Defendants that it did not intend to participate in any arbitration because it has not entered into a binding arbitration agreement with Defendants.  New Era further advised that if Defendants would not dismiss the demands, New Era intended to file this declaratory judgment action.

124.    On May 26, 2026, Defendants responded, confirming that if New Era proceeds with its plan to file a declaratory judgment action, Defendants will contest it.

125.    While New Era disputes AAA's jurisdiction, New Era paid the AAA invoice  under protest and without waiver of any right, defense, or objection, and expressly reserved its right to

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

13
COMPLAINT FOR DECLARATORY JUDGMENT

contest the AAA's jurisdiction, including the right to seek appropriate relief from a court of competent jurisdiction. *See* Exhibit F (AAA Fee Invoice); Exhibit G (AAA Fee Payment Confirmation); Exhibit H (May 14, 2026, Letter to AAA Protesting Fees). New Era's payment does not constitute assent to, or ratification of, any agreement to arbitrate.

## EXISTENCE OF AN ACTUAL CONTROVERSY

126. An actual and present "case or controversy" exists between the parties within the meaning of 28 U.S.C. § 2201 because on or about March 26, 2026, Defendants filed an arbitration demand letter with the AAA—creating a controversy. *See, e.g.*, *Sussman v. Soleil*, No. 2:18-CV-02218, 2020 WL 870222, at *4 (D. Nev. Feb. 21, 2020) ("Numerous courts have held that the receipt of a letter threatening litigation satisfies the actual-case-or-controversy requirement for purposes of the DJA.").

127. Arbitration is strictly a matter of contract, and no one can be compelled to arbitration a dispute they have not agreed to arbitrate. *Chabolla*, 129 F.4th at 1153–1154; *Berman*, 30 F.4th at 855. A dispute currently exists between Plaintiff and Defendants as to the threshold question of whether an agreement to arbitrate was formed and thus whether New Era can be compelled to arbitrate Defendants' claims.

128. The parties' legal interests are adverse and substantial. On May 12, 2026, New Era made clear it believes no valid or enforceable arbitration agreement was ever formed because New Era's Terms constitute an unenforceable browsewrap agreement.

129. On May 26, 2026, Defendants responded, contending that a valid and enforceable arbitration agreement exists and confirming that they will contest any declaratory judgment action to the contrary. *See, e.g.*, *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1042 (E.D. Cal. 2014) ("The parties differing views as to the viability of the challenged arbitration laws demonstrates an actual controversy. Plaintiffs' requested declaratory relief clarifies the legality and enforcement of the challenged arbitration laws and in turn the parties' legal relations.").

130. The controversy is also sufficiently immediate, given the CIPA Arbitrations currently pending. New Era is being compelled to incur substantial costs in connection with AAA administrative proceedings notwithstanding its good-faith position that no valid arbitration

14
COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

agreement exists and will incur additional costs going forward if the requested relief is not granted. *See* Exhibits F, G. New Era also faces threatened additional CIPA claims, as of April 10, 2026, from separate counsel on behalf of additional claimants.

131. A declaration by this Court will resolve the controversy and serve the purposes of the Declaratory Judgment Act by determining whether New Era is obligated to arbitrate.

## COUNT I

### Declaratory Judgment – No Valid or Enforceable Agreement to Arbitrate Exists

### (28 U.S.C. §§ 2201, 2202)

132. New Era repeats and realleges each allegation in the preceding paragraphs as though fully set forth herein.

133. The Declaratory Judgment Act provides that in a case of actual controversy, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

134. As the party seeking to enforce the purported arbitration agreement, Defendants bear the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *See Keebaugh v. Warner Bros. Enter. Inc.*, 100 F.4th 1005, 1013 (9th Cir. 2024).

135. To determine whether the parties have an agreement to arbitrate, state-law contract formation principles apply. *Berman*, 30 F.4th at 855. California contract law therefore applies.

136. Under California law, an online contract requires "actual or constructive notice of the agreement and the parties must manifest mutual assent." *Keebaugh*, 100 F.4th at 1013–14 (citation omitted); *see also* Cal. Civ. Code §§ 1580–1585 (stating that acceptance must be "absolute and unqualified," before any binding agreement can exist). Assent may be manifested through conduct, but "[t]he conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents." *Keebaugh*, 100 F.4th at 1014 (quoting *Berman*, 30 F.4th at 855).

137. In California, online contracts are categorized "by the way in which the user purportedly gives their assent to be bound by the associated terms: browsewraps, clickwraps, scrollwraps, and sign-in wraps." *Id.* (quoting *Sellers v. JustAnswer LLC*, 289 Cal. Rptr. 3d 1, 15

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

(App. Ct. 2021)).

138.   A browsewrap agreement is "one in which an internet user accepts a website's terms of use merely by browsing the site." *Id.* (quoting *Sellers*, 289 Cal. Rptr. 3d at 15). The "website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014).

139.   A clickwrap agreement is where "website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use." *Id.* at 1175–76; *see also Chabolla*, 129 F.4th at 1154 ("Courts routinely enforce clickwraps.").

140.   A scrollwrap agreement, which provides the strongest notice, is "where the user must scroll through all the Terms of Service before they can click the mandatory 'I agree' box." *Keebaugh*, 100 F.4th at 1014; *Chabolla*, 129 F.4th at 1154 (noting scrollwraps are "usually enforced").

141.   A sign-in wrap agreement "lives somewhere in the middle: the website provides a link to terms of use and indicates that some action may bind the user but does not require that the user actually review those terms." *Chabolla*, 129 F.4th at 1154. A sign-in wrap agreement "may be an enforceable contract based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at 1154–55 (quoting *Keebaugh*, 100 F.4th at 1014).

142.   "Courts have consistently held th[e browsewrap] type of agreement to be unenforceable, as individuals do not have inquiry notice." *Keebaugh*, 100 F.4th at 1014 (citing *Nguyen*, 763 F.3d at 1178–79); *see also Chabolla*, 129 F.4th at 1154 ("Courts consistently decline to enforce browsewraps.").

143.   New Era's Terms are presented to visitors via two hyperlinks at the bottom of the Site, in a footer, without adornment or other features likely to draw visitors' attention to them.

144.   Users visiting New Era's Site "can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Nguyen*, 763 F.3d at 1176. This is a defining feature of browsewrap agreements.

COMPLAINT FOR DECLARATORY JUDGMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

145.   Defendants do not allege, and cannot prove, that they had actual notice of the Terms, how or when they manifested assent to them, or what consideration they offered in support of any such agreement.  Because no valid agreement was formed between New Era and Defendants, there is no agreement to arbitrate.

146.   Accordingly, Defendants have no right to compel New Era to arbitrate any claims, and the CIPA Arbitrations currently pending under AAA Case Number 01-26-0001-6664—as well as any additional demands filed or threatened against New Era arising from the same or similar facts—must be dismissed.

147.   New Era is therefore entitled to a declaration that:

(a)   No enforceable agreement to arbitrate exists between New Era and Defendants;

(b)   Defendants cannot compel New Era to participate in any arbitration proceeding with respect to their claims; and

(c)   The CIPA Arbitrations are improper and must be terminated.

## PRAYER FOR RELIEF

WHEREFORE, New Era respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

(a)   A declaration pursuant to 28 U.S.C. § 2201 that no valid or enforceable agreement to arbitrate exists between New Era and Defendants;

(b)   A declaration that the arbitration clause contained in New Era's Terms and Conditions is void and unenforceable as applied to Defendants because no valid browsewrap agreement was ever formed;

(c)   A declaration that Defendants have no right to compel New Era to arbitrate any claims in connection with the CIPA Arbitrations or any other arbitration proceedings arising from the same or similar facts;

(d)   An order enjoining Defendants from prosecuting the CIPA Arbitrations, or from filing any additional arbitration demands against New Era, absent a valid and enforceable agreement to arbitrate;

(e)   An award of attorneys' fees and costs to the extent permitted by law; and

17

COMPLAINT FOR DECLARATORY JUDGMENT

(f)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

New Era demands a trial by jury on all issues so triable.

Dated: August 11, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**
Daniel T. Rockey, CA Bar No.  178604
Email:  daniel.rockey@bclplaw.com
Alexandra C. Whitworth, CA Bar No.  303046
Email:  alexandra.whitworth@bclplaw.com

By:  _____
Daniel T. Rockey
Alexandra C. Whitworth
Attorneys for Plaintiff New Era Cap, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

18
COMPLAINT FOR DECLARATORY JUDGMENT